**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

VICTOR CONLEY,

   Plaintiff,       CIVIL ACTION NO. 07-CV-12568-DT

 vs.

              DISTRICT JUDGE BERNARD A. FRIEDMAN

PATRICIA CARUSO,      MAGISTRATE JUDGE MONA K. MAJZOUB
et. al,

   Defendants.
_____/

**REPORT AND RECOMMENDATION**

**I. RECOMMENDATION:** The Motion to Dismiss or for Summary Judgment filed by Defendants Caruso, Michigan Parole Board, and Wayne Groat (docket no. 15) should be **GRANTED.**

Defendant Paul Toman should be **DISMISSED** as a Defendant because no claim upon which relief may be granted is stated against him, and this action should be **DISMISSED**.

**II. REPORT:**

This matter comes before the Court on the Motion to Dismiss or for Summary Judgment filed by Defendants Caruso, the Michigan Parole Board, and Wayne Groat. (Docket no. 15). The other Defendant is a private attorney, Paul Toman, who represented Plaintiff at his parole revocation hearing. Defendants filed their Motion to Dismiss on November 9, 2007. (*Id*.). This matter was referred to the undersigned for all pretrial matters on February 1, 2008. (Docket no. 18). This Court by Order entered on March 3, 2008 advised Plaintiff that the Court would consider a Response filed by him on or before March 14, 2008 even though his response time had already expired. Plaintiff

failed to file a Response.[1] This matter is therefore now ready for ruling. The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e).

### A. Factual Background and Claims

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. (Docket no. 1). The following facts are taken primarily from Plaintiff's Complaint. Plaintiff is a prisoner of the State of Michigan sentenced in 2000 to 3 to 15 years for an unarmed robbery conviction and 2 to 10 years for a conviction of larceny from the person. (*Id*. at 6). Plaintiff was paroled on December 11, 2004 for a 24-month period. (*Id*. App. D). He was arrested on April 11, 2005 and returned to prison. (Docket no. 1 at 8).

On June 17, 2005 the Michigan Parole Board, through hearing officer Wayne Groat, found Plaintiff guilty of violating his parole and continued him in prison for 60 months with a next reconsideration date of April 11, 2010. (*Id*. at 6). This 60-month reconsideration period was imposed because the hearing officer concluded after hearing witnesses that Plaintiff had committed offenses with a firearm, including robbery, while on parole. (*Id*.). The prosecutor declined to file criminal charges against Plaintiff based on the facts underlying his parole violation. Plaintiff claims that he was not prosecuted because of problems making a positive identification of the masked, armed robber. (*Id*.). Plaintiff objects to the parole board's action of applying the policy of continuing his reconsideration date for 60 months when the evidence that he was the robber in question is "terribly suspect" and substantively lacking. (*Id*.). Plaintiff also claims that under the

---

[1] Plaintiff has failed to keep the Court advised of his current address because some mailings to him are being returned to the Court. Nevertheless, the Court's latest Order advising Plaintiff that the Court would consider a Response brief filed by him was sent to his proper prison address as determined by the Department of Correction website and has not been returned as undeliverable.

parole policy in effect when he was originally sentenced he would have been reconsidered for parole within either 12, 18, or 24 months. (*Id*. at 7). He argues that the application of the "new" policy allowing the 60-month reconsideration period violates the Ex Post Facto Clause, the Equal Protection Clause, and that due to Counsel Toman's ineffective assistance during his parole revocation hearing he was denied due process. (*Id*. at 7-8). Plaintiff seeks as relief monetary damages, injunctive relief in the form of the immediate reinstatement of his parole, and declaratory relief stating that the Defendants violated the Ex Post Facto Clause of the Constitution. (*Id*. at 17).

### B. *Standard of Review*

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. (*Id.*). A mere scintilla of evidence is insufficient to defeat a supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). While the evidence itself need not be the sort admissible at trial, the evidence must be more than the non-movant's own pleadings. *Ashbrook v. Block*, 917 F.2d 918, 921 (6th Cir. 1990); *see also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (explaining that the non-moving party may not rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact).

Dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is appropriate when it is clear that no relief could be granted under any set of facts that could be proved consistent with Plaintiff's allegations. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). In considering such a motion, the Court must accept as true the well-pleaded factual allegations in Plaintiff's complaint. (*Id*.). The Court does not have to accept as true legal conclusions or unwarranted factual inferences, however. (*Id*.).

*C.     Ex Post Facto Clause*

Plaintiff claims in his first cause of action against Defendants Caruso and the Michigan Parole Board that they violated his right not to be subjected to an ex post facto law. (Docket no. 1 at 10). The "law" that Plaintiff refers to is the Michigan Department of Correction (MDOC) Policy Directive 06.05.104 effective August 15, 2005. (*Id*. at 5). He claims that this policy changed the time at which prisoners who had their parole revoked are reconsidered for parole. Specifically, Plaintiff claims that because at his revocation hearing he was found to have committed firearms related offenses his reconsideration period changed from 12, 18 or 24 months to 60 months before reconsideration. (*Id*.).

Defendants do not dispute that the policy changed. In fact, they allege that from July 14, 2004 thru August 15, 2005 a now superseded Policy Directive 06.05.104 provided for a mandatory 60-month continuance for a parolee's violation of the prohibition against firearms. However, Defendants state that this policy was amended on August 15, 2005 to make the 60-month continuance discretionary rather than mandatory.[2] The revised policy states that the prisoner "may

---

[2] Defendants show that when the revised policy directive was issued making a 60-month continuance discretionary, the parole board re-examined all parole revocation decisions made after July 14, 2004 involving a parolee's use of a firearm. (Docket no. 15, ex.5). The parole

be reconsidered 60-months after" a certain date. (Docket no. 15, ex. 4). This revised policy effective on August 15 is the one referred to by Plaintiff. Therefore, the question is whether this change in policy from the possibility of being reconsidered for parole from 12, 18, or 24 months to 60 months is a violation of the Ex Post Facto Clause as applied to Plaintiff.

The Supreme Court has held that an ex post facto violation may be established in connection with parole policy where the prisoner shows a significant risk of increased punishment for his crime beyond that prescribed when he committed it. *Garner v. Jones*, 529 U.S. 244, 251, 255-56 (2000). In that case the parole board retroactively applied a law that increased the interval between subsequent parole hearings from three years to eight years for inmates serving life sentences who had previously been denied parole. (*Id*. at 248). Although the Court acknowledged that the requisite risk could be inherent in the statute or rule, it also stated that when the rule does not by its own terms show a significant risk, the inmate must "demonstrate, by evidence drawn from the rule's practical implementation by the [parole board], that its retroactive application will result in a longer period of incarceration than under the earlier rule." (*Id*. at 255). The requisite risk was not inherent in the framework of the amended rule in *Garner*. (*Id*. at 251). In addition, because the record in that case did not show, beyond mere speculation, that retroactive application of the rule created a significant risk for the inmate in question, no ex post facto violation was established. (*Id*. at 256-57).

The above standard places a heavy burden on Plaintiff when he seeks to establish a violation of the Ex Post Facto Clause. The amended policy at issue in this action does not by its own terms show a significant risk of increased punishment. This follows from the *Garner* Court's conclusion

---

board re-examined Plaintiff's case and his 60-month continuance on August 10, 2005 but did not alter the original decision. (*Id*. & ex. 1 at 2).

that the amended policy in that case lengthening the time period between parole reconsiderations from three to eight years did not show the inherent risk required. That is a five-year lengthening of the time period whereas for Plaintiff the longest time would be four years.[3] Plaintiff does not contend that any other factor creates an inherent risk.

Because the risk of increasing Plaintiff's punishment is not inherent in the revised policy, Plaintiff must show, by evidence drawn from the rule's practical implementation by the parole board, that the application of the modified policy will result in a longer period of incarceration than under the earlier policy. Plaintiff has failed to do so in this action. He has not submitted any evidence concerning the policy's practical implementation by the parole board. Under the earlier policy he presumably would have been reconsidered for parole in as little as 12 or as long as 24 months. Under the new policy he will not be reconsidered for 60 months. One may speculate that if he was reconsidered under the former policy he might have been granted parole earlier. However, this would be pure speculation. The Supreme Court specifically found in *Garner* that such speculation does not establish an ex post facto violation. (*Id*. at 256); *see Hunt v. Wilkinson*, 79 Fed. App'x 861, 862 (6th Cir. 2003) (affirming summary dismissal of claim of ex post facto violation by change in interval between parole hearings from five years following first denial to ten years).

In addition to Plaintiff's failure to show the requisite risk, Defendants present evidence showing that the parole board exercises its discretion in setting a 60-month reconsideration period for revoked parolees. They show that from December 2006 through November 8, 2007 in six cases the parole board did not impose the 60-month reconsideration period on a parolee qualifying for

---

[3] Plaintiff under the former policy could have been reconsidered again in one year whereas under the revised policy he will be reconsidered in five years, thus extending the period by four years.

such a reconsideration period. (Docket no. 15 ex. 5). In three cases the parole board issued less than a 60-month continuance, and in the other three the board did not revoke parole. (*Id.*). Accordingly, the evidence shows that there is a very small risk, as opposed to a significant one, that the change in parole policy increased Plaintiff's risk of serving a longer sentence. This cause of action should be dismissed.

D.  *Due Process*

Plaintiff's second, third, and fourth causes of action raise claims of due process violations against Defendants Groat, the hearing officer at his parole revocation hearing, and his attorney, Counsel Toman. (Docket no. 1 at 10-11). Plaintiff is proceeding under 42 U.S.C. § 1983 and under that section no valid claim can be stated against Counsel Toman because Plaintiff has failed to show that he is a state actor. The record shows that Counsel Toman is an attorney in private practice who represented Plaintiff at his parole revocation hearing. (Docket no. 15, ex. 1 at 20). To state a claim under section 1983, the defendant must have deprived the plaintiff of a right secured by the Constitution or federal law while acting under color of state law. *Barrett v. Steubenville City Schs.*, 388 F.3d 967, 971 (6th Cir. 2004). An attorney representing a criminal defendant is not acting under the color of state law. *Polk County v. Dodson*, 454 U.S. 312, 322-26 (1981); *McIntosh v. Daniels*, 1999 WL 701922 (6th Cir. Aug. 30, 1999). This is essentially the role that Defendant Toman played when defending Plaintiff. Therefore, Plaintiff has failed to state a claim under section 1983 against Defendant Toman. *Horton v. Martin*, 137 Fed. App'x 773 (6th Cir. 2005) (private counsel defending in parole revocation hearing not state actor subject to section 1983 liability). He should be dismissed as a Defendant pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1).

Plaintiff's claims of due process violations focus upon Defendant Toman's alleged deficient performance as counsel during Plaintiff's revocation hearing. Plaintiff claims that Defendant Toman failed to present witnesses and evidence on his behalf and failed to cross examine the witnesses against him. (Docket no. 1 at 8-11). There is no allegation or showing that Defendant Groat or any other Defendant played a part in these alleged failures. Plaintiff's claim of a due process violation should be dismissed because Defendant Toman must be dismissed as stated above, and Plaintiff has failed to establish that his due process rights were violated by any other Defendant.

E. *Equal Protection*

Plaintiff contends that his equal protection rights were violated because those convicted of firearm offenses during a parole revocation hearing are subject to harsher penalties than those convicted of similar statutory criminal offenses. (Docket no. 1 at 12). Plaintiff also contends that he is arbitrarily being treated differently from those parole violators convicted of offenses not involving firearms because they may be reviewed for parole in a shorter period of time. (*Id*. at 13-14).

The Equal Protection Clause prevents states from enacting laws which deny to any person within its jurisdiction the equal protection of the laws. U.S. CONST. amend. XIV, § 1. Laws which do not interfere with fundamental rights or single out suspect classifications must bear only a rational relationship to a legitimate state interest. *Michael v. Ghee*, 498 F.3d 372, 379 (6th Cir. 2007), *cert. denied*, 2008 WL 672129 (Apr. 21, 2008). Prisoners are not a suspect class, and there is no fundamental right to parole under the Constitution. (*Id*.). Therefore, the rational basis test applies to Plaintiff's claims. Under this test government action violates the Constitution only if it is so unrelated to the achievement of any combination of legitimate purposes that the court can only

conclude that the government's actions were irrational. (*Id*.). Plaintiff bears the burden of demonstrating that the government action lacks a rational basis. (*Id*.). He may satisfy his burden either by negating every conceivable basis which might support the government's action or by showing that the challenged governmental action was motivated by animus or ill will. (*Id*.).

Plaintiff has failed to carry his burden of showing that the revised parole regulation lacks a rational basis. There is no showing of animus or ill will. Furthermore, even if the five-year continuance of parole consideration is longer than the possible sentence for a firearms offense under the state's criminal law, the parole authorities could rationally conclude that a parolee's reconsideration interval should be longer because a parolee necessarily has previously been convicted of a serious offense whereas the criminal defendant may not have a prior criminal record. In addition, the parole authorities could rationally conclude that parolees found to have committed violations involving firearms should be subject to a longer interval between reconsiderations than parolees who committed a less serious parole violation. Plaintiff's equal protection claim should be dismissed.

Finally, the Court notes that to the extent that Plaintiff requests immediate reinstatement on parole he is attacking the fact or duration of his confinement and that such a claim must be brought as a petition for habeas corpus and not a section 1983 claim. *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 494 (1973).

### III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver

of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: April 28, 2008          s/ Mona K. Majzoub
                                           MONA K. MAJZOUB
                                           UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation upon Victory Conley and Counsel of Record on this date.

Dated: April 28, 2008          s/ Lisa C. Bartlett
                                           Courtroom Deputy