UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VICTOR CONLEY,

    Plaintiff,

vs.

PATRICIA CARUSO, et al.,

    Defendants.
_____/

Civil Action No.
07-CV-12568

HON. BERNARD A. FRIEDMAN

**<u>OPINION AND ORDER ACCEPTING, AS MODIFIED, MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING SUMMARY JUDGMENT FOR DEFENDANTS CARUSO, MICHIGAN PAROLE BOARD AND GROAT, and DISMISSING THE COMPLAINT AS TO DEFENDANT TOMAN</u>**

This matter is presently before the court on the motion of defendants Patricia Caruso, the Michigan Parole Board, and Wayne Groat to dismiss or for summary judgment [docket entry 15]. Magistrate Judge Mona K. Majzoub has submitted a report and recommendation ("R&R") in which she recommends that the court grant defendants' motion and, further, that the court dismiss the complaint *sua sponte* as to the only other defendant, Paul Toman, for failure to state a claim.

Although plaintiff never responded to defendants' motion to dismiss, he did file objections to the magistrate judge's R&R. Pursuant to Fed. R. Civ. P. 72(b)(3) the court has reviewed plaintiff's objections and, for the reasons which follow, finds them to be without merit.

Plaintiff first objects to the magistrate judge's rejection of his claim that defendants violated the ex post facto clause of the Constitution by adopting and/or enforcing an amendment to a Michigan Department of Corrections Policy Directive ("PD"). The policy directive in question, PD 06.05.104, concerns the length of time an inmate whose parole has been revoked may be

reconsidered for parole. Plaintiff's parole was revoked on June 17, 2005, when the Michigan Parole Board found that plaintiff had committed an armed robbery on April 3, 2005, while on parole. Plaintiff was therefore returned to prison to continue serving lengthy sentences which had been imposed in 2000 on robbery and larceny convictions. In addition to revoking plaintiff's parole, the parole board decided that it would wait 60 months before again considering plaintiff's eligibility for parole. Plaintiff argues that this 60-month reconsideration period, or continuance, violates the ex post facto clause because he would have been eligible for reconsideration in at most 24 months under an earlier version of the policy directive.

When the parole board revoked plaintiff's parole, PD 06.05.104 (effective 2-1-05) stated in paragraph x: "Prisoners who are denied parole shall be reconsidered at 12, 18 or 24 months; however, a prisoner convicted of an offense committed after July 13, 2004 while on a prior parole shall be reconsidered only after s/he has served 60 months of that sentence if the offense involved the prisoner owning or possessing a firearm or, without authorization, being in the company of a person who the prisoner knew possessed a firearm." Under an amended version of 06.05.104 that became effective on August 15, 2005, reconsideration is still required at 12, 18 or 24 month intervals, except that now a parole violator who commits an offense involving the ownership or possession of a firearm "may be reconsidered 60 months after the prisoner was available to be returned to the Department for the violation if the violation occurred after July 13, 2004."

Plaintiff argues that the August 15, 2005, version of the policy directive was applied "retroactively" in his case. He does not explain how this could have occurred. The parole board's decision revoking plaintiff's parole and setting the 60-month reconsideration period is dated June 17, 2005. The revised policy directive of which plaintiff complains was signed by defendant Caruso

2

on July 28, 2005, and went into effect on August 15, 2005. Plaintiff does not explain or submit any evidence showing how the August 15, 2005, policy directive could or did have anything to do with the parole board's June 17, 2005, decision.

Even assuming the illogical proposition that the board used the August 15, 2005, version of PD 06.05.104 in deciding on June 17, 2005, to set plaintiff's reconsideration date 60 months hence, plaintiff has failed to show that a violation of the ex post facto clause occurred. The clause is violated only if a change in the law, "by retroactive operation, increase[s] the punishment for a crime after its commission." *Garner v. Jones*, 529 U.S. 244, 249 (2000). In the parole revocation context, "[t]he controlling inquiry . . . [is] whether retroactive application of the change in [the] law created 'a sufficient risk of increasing the measure of punishment attached to the covered crimes.'" *Id.* at 250, *quoting California Dep't of Corr. v. Morales*, 514 U.S. 499, 509 (1995). Plaintiff "must show that as applied to his own sentence the law created a significant risk of increasing his punishment." *Garner*, 529 U.S. at 255.

As noted above, plaintiff in the present case has not shown that the August 15, 2005, version of PD 06.05.104 was – or even could have been – applied in his case. But even if plaintiff could show that the amended rule was applied "retroactively" in his case, he has not shown that the amended rule has significantly increased the risk that he will remain incarcerated longer than would have been the case under the previous version of PD 06.05.104. Under both versions of the rule, parolees who committed a firearms offense while on parole had to wait 60 months before being

reconsidered.[1]

Plaintiff's other objections are frivolous. The court rejects his due process and equal protection claims for the reasons explained by the magistrate judge. Further, the court agrees with the magistrate judge that the complaint must be dismissed as to defendant Toman because he is not a state actor. Accordingly,

IT IS ORDERED that Magistrate Judge Majzoub's report and recommendation dated April 28, 2008, is, with the modification noted above, hereby accepted and adopted as the findings and conclusions of the court.

IT IS FURTHER ORDERED that the motion to dismiss or for summary judgment of defendants Caruso, Michigan Parole Board and Groat is granted.

IT IS FURTHER ORDERED that the complaint is dismissed *sua sponte* as to defendant Toman for failure to state a claim.

s/Bernard A. Friedman
Bernard A. Friedman
United States District Judge

Dated: July 8, 2008

---

[1] For this reason, the court rejects the R&R to the extent the magistrate judge found that "[p]laintiff under the former policy could have been reconsidered again in one year whereas under the revised policy he will be reconsidered in five years, thus extending the period by four years." R&R at 6 n.3. Under both versions of PD 06.05.104, plaintiff could not be reconsidered for parole for 60 months because he committed a firearms offense while on parole.

I hereby certify that a copy of the foregoing document was served upon Victor Conley and counsel of record on July 8, 2008, by electronic and/or ordinary mail.

            s/Carol Mullins
            Case Manager